IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br>v.<br><br>NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br>8601 Adelphi Road, Room 5210<br>College Park, MD 20740-6001,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant National Archives and Records Administration ("NARA") is an agency of the United States Government and is headquartered at 8601 Adelphi Road, College Park, MD 20740. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 21, 2023, Plaintiff submitted a FOIA request to NARA, by email, seeking access to the following public records:

> Records and/or communications from former Vice President Joseph R. Biden regarding:
>
> 1) Any communication with Robert Hunter Biden, James Brian Biden, Francis William "Frank" Biden or Sara Jones Biden between January 20, 2009, and January 20, 2017, regarding:
>
>    a) any international or domestic travel
>    b) any international or domestic financial activity, including but not limited to banking and financial institutions, overseas bank accounts, credit card companies, bills, invoices, fees, agreements, financial arrangements, payments, wire transfers, contracts, QuickBooks, financial spreadsheets, business proposals, office or residential leases, rent payments, real estate transactions
>
> 2) Any communication with Robert Hunter Biden, James Brian Biden, Francis William "Frank" Biden or Sara Jones Biden between January 20, 2009, and January 20, 2017, regarding the following individuals or companies.
>
>    a) Devon Archer;
>    b) JiaQi Bao;
>    c) Tony Bobulinski;
>    d) Jeffrey Cooper;
>    e) Catherine Dodge;

    f) Gongwen Dong;
    g) James Gilliar;
    h) Patrick Ho Chi-ping;
    i) Vuk Jeremic;
    j) Zang Jianjun;
    k) Ye Jianming;
    l) Jonathan Li;
    m) Joan Mayer or Joan Peugh;
    n) Francis Person;
    o) Vadim Pozharskyi;
    p) Eric Schwerin;
    q) Robert Walker;
    r) Mervyn Yan;
    s) Nita Madhav;
    t) Mary Guttieri
    u) Any Metabiota entity or company;
    v) Any Rosemont Seneca entity or company;
    w) Any Hudson West entity or company;
    x) Any Owasco entity or company;
    y) Any Bohai Harvest entity or company;
    z) Skaneateles LLC;
    aa) Eudora Global LLC;
    bb) Coldharbour Capital LLC;
    cc) Lion Hall Group LLC;
    dd) Any CEFC entity or company; and
    ee) Burisma.

  3) Any communication, between January 20, 2009, and January 20, 2017, between or among former Vice President Joseph R. Biden and the individuals or entities set forth in Items 2(a)-(ee) above.

  4) All records and documents including paper or electronic calendars such as (Outlook or Gmail) regarding former Vice President Joseph R. Biden and the individuals or entities set forth in Items 2(a)-(ee) above.

  6. By letter dated March 7, 2023, NARA acknowledged receiving Plaintiff's request on February 22, 2023, advised Plaintiff that the request had been assigned "case log number" 2023-0042-F, and informed Plaintiff that it had identified "approximately 1,567 emails, 2,501 electronic files, and 445 pages of potentially responsive records that must be processed in order to respond to your request."

7.    In the March 7, 2023 letter, NARA also represented that the release of any records responsive to the request is subject to the provision of regulations set forth at 36 C.F.R. § 1270.46, which, according to NARA, "require that we notify representatives of the former President and the incumbent President and the former Vice President prior to the release of any Vice Presidential records." The letter did not say when or even whether any such notice had been given or would be given. On information and belief, no such notice has been given.

8.    As of the date of this Complaint, NARA has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.    Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.    Defendant is in violation of FOIA.

11.    Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.    Plaintiff has no adequate remedy at law.

13.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 22, 2023. Because Defendant failed to make a final determination on the request within the time limit set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to complete its search for any and all records responsive to Plaintiff's FOIA request and

demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) enjoin Defendant from further delaying its determination about the scope of any responsive records it intends to produce to Plaintiff or further delaying any required notice of intent to disclose such records under 36 C.F.R. § 1270.46; (3) order Defendant provide a *Vaughn* index of any responsive records Defendant intends to withhold under claim of exemption; (4) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request and not protected from disclosure by a constitutionally based privilege asserted by a former or incumbent President under 36 C.F.R. § 1270.48; (5) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 19, 2023

Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*